IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

**DANIEL RIDDELL**                                                                                 **PLAINTIFF**

v.                                                       Case No. 1:24-cv-1043

**PETRIN, LLC and**
**ALBEMARLE CORPORATION**                                         **DEFENDANTS**

## **MEMORANDUM OPINION and ORDER**

Before the Court is a Motion for Summary Judgment and Supplement filed by Separate Defendant Petrin, LLC. ECF Nos. 11, 17. Plaintiff does not object to the motion. ECF No. 21. The Court finds this matter ripe for consideration.

### I. BACKGROUND

Plaintiff alleges that he was seriously injured in a fall from a twenty-foot platform after the railing gave way. At the time of the incident, Plaintiff was an employee of Petrin, LLC, and was working in the course and scope of his employment. As a result of the accident, Plaintiff received workers' compensation benefits. Plaintiff brings the instant lawsuit against Petrin, LLC, and Albemarle Corporation, alleging a premises liability claim. Petrin, LLC moves the Court to enter summary judgment in its favor. ECF NO. 11. Plaintiff does not oppose Petrin, LLC's summary judgment motion. ECF No. 21.

### II. LEGAL STANDARD

"Summary judgment is proper if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Torgerson v. City of Rochester*, 643 F.3d 1031,

1042 (8th Cir. 2011) (quotation omitted). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *Id*. at 252. "There is no genuine issue of material fact when the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *Zimmerli v. City of Kansas City, Missouri*, 996 F.3d 857, 862-63 (8th Cir. 2021) (quotation omitted).

The Court must view the evidence and the inferences that may be reasonably drawn from the evidence in the light most favorable to the nonmoving party. *Enter. Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996). "The party moving for summary judgment generally has the burden of demonstrating the absence of any genuine issues of material fact." *Zimmerli*, 996 F.3d at 863. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials but must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 256.

### III. DISCUSSION

As an initial matter, the Court notes that "[e]ven when a defendant's motion for summary judgment is not opposed by Plaintiff, a district court must satisfy itself that, on the record before it, there are no genuine issues of material fact as to at least one of the necessary elements of plaintiff's case." *Noland v. Comm. Mortg. Corp.*, 122 F.3d 551, 553 (8th Cir. 1997). Thus, the Court must examine the record and decide if the motion is well taken. *Canada*, 135 F.3d at 1213. Accordingly, the Court will proceed to the merits of Defendant's motion and decide whether summary judgment is appropriate.

Plaintiff alleges that he was seriously injured in a fall from a twenty-foot platform, located on Defendants' property, because of an unsafe and unsecured railing. He filed the instant lawsuit,

in which he alleges a premises liability claim against Defendants.  Petrin, LLC argues that summary judgment is proper for the following two reasons: (1) Petrin, LLC is entitled to immunity under the exclusive remedy provision of the Arkansas Workers' Compensation Act; and (2) Plaintiff has agreed to release all tort claims against Petrin, LLC.

"Typically, an employer who carries workers' compensation insurance is immune from liability for damages in a tort action brought by an injured employee." *Cent. Flying Serv., Inc. v. Pulaski Cnty. Cir. Ct.*, 2015 Ark. 49, at 5, 454 S.W.3d 716, 719 (2015) (noting that this rule is known as the "exclusivity doctrine"); *see* Ark. Code Ann. 11-9-105(a).  Further, the Workers' Compensation Commission ("Commission") has original, exclusive jurisdiction to determine whether a tort action is barred by the exclusive remedy doctrine.  *Id.*  In other words, "when a party to a lawsuit raises a question of whether a person enjoys immunity as an employer under the [Arkansas Workers' Compensation] Act, the Commission must first decide the issue."  *Id.* at 5-6, 454 S.W.3d at 719.

Here, Plaintiff is an employee of Petrin, LLC and has been granted relief from the Workers' Compensation Commission.  ECF No. 17-2.  Because Plaintiff received this relief from the Commission, he cannot maintain the instant tort action against Petrin, LLC.  Accordingly, for this reason, the Court finds that Petrin, LLC, is entitled to summary judgment.

Plaintiff has also executed a contract titled "Confidential General Release of all Claims and Voluntary Resignation," in which he agreed to release all tort claims against Petrin, LLC as well as any other claims relating to his employment with Petrin, LLC, which occurred from the beginning of time through the date the release was signed. ECF No. 11-2.  He signed the release on August 3, 2022, which was after the accident at issue.  Thus, Plaintiff's premises liability claim against Petrin, LLC, is barred by the release.  Accordingly, for this reason, the Court finds that

Petrin, LLC, is entitled to summary judgment.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Petrin LLC's Motion for Summary Judgment (ECF No. 11) should be and hereby is **GRANTED**.  Accordingly, all claims against Petrin, LLC are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 8th day of April, 2025.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge